# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| **ASHLEY DARNELL,** | Civil Action No.: |
| Plaintiff, | |
| v. | |
| **SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK** | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY DARNELL ("Plaintiff"), by and through her attorneys, The Law Firm of Mitch Luxenburg, alleges the following against SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 28 U.S.C. § 1331, which

grants this Court original jurisdiction of all civil actions arising under the laws of the United States. See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Ohio therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Dayton, Ohio.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 950 Forrer Boulevard, Kettering, Ohio 45420.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around Spring 2015 and continuing through at least late December 2015, Defendant called Plaintiff's cellular telephone number repeatedly.

13. Defendant called Plaintiff from telephone numbers including, but not limited to, 937-534-2092.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded or artificial voice.

15. Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded or artificial voice as calls would begin with a noticeable delay or silence with no caller on the line before a live representative would come on the phone or the call would terminate.

16. Defendant's calls were not for emergency purposes.

17. In or around June 2015, not long after calls started, Plaintiff first told the Defendant to stop calling her.

18. Defendant acknowledged Plaintiff's request to stop calling, but then ignored it and continued to call her repeatedly, often making up to several calls in a single day.

19. Plaintiff found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting and told them to stop calling several times, but the Defendant ignored her requests and continued to call.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

23. Defendant's calls to Plaintiff were not made for "emergency purposes."

24. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, ASHLEY DARNELL respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff ASHLEY DARNELL, demands a jury trial in this case.

Dated: January 19, 2018          Respectfully Submitted,

By: /s/ Mitchel Luxenburg
Mitchel Luxenburg, Esq. (Bar #0071239)
The Law Firm of Mitch Luxenburg
P.O. Box 22282
Beachwood, OH 44122
Telephone: (216) 452-9301
Facsimile: (866) 551-7791
E-Mail: mitch@mluxlaw.com